IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

UNITED STATES BANKRUPTCY COURT

DISTRICT OF WYOMING

2:57 pm, 4/29/13

Tim J. Ellis
Clerk of Court

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CHARLES WELDON BEAN | ) | Case No.  12-20359 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| KERRY LEE BEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No.  12-2025 |
| | ) | |
| CHARLES WELDON BEAN, | ) | |
| | ) | |
| Defendant. | ) | |

## DECISION ON MOTION FOR SUMMARY JUDGMENT

On April 4, 2013, the Motion for Summary Judgment filed by Kerry Lee Bean

("Plaintiff") and the response filed by Charles Weldon Bean ("Defendant") came before

the court for hearing.  The court has considered the arguments of the parties, admissible

evidence, applicable law and is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1557

and 1334.  This is a core proceeding within the definition of 28 U.S.C. § 157(b)(I).  The

motion for summary judgment is brought under Fed. R. Civ. P. 56, made applicable in

adversary proceedings by Fed. R. Bankr. P. 7056.

**Undisputed Facts**

Plaintiff and Defendant were divorced on June 28, 2007. The District Court for the Second Judicial District of Wyoming entered the Decree of Divorce ("Decree"). The Decree incorporates the parties' Separation, Property Settlement and Child Support Agreement ("Agreement").[1]

Relevant to the division of property and debts at issue in this adversary proceeding, the Agreement provides that:

- <u>Mesquite Lane.</u> Plaintiff "shall have and retain...all interest, including that of Husband in the real property located at 4850 Mesquite Lane, Laramie..." ("Residence"). It is Plaintiff's responsibility to pay the first mortgage on the Residence. Defendant was responsible for payment of the second and third mortgages.

- <u>Bullseye.</u> Defendant was granted ownership of the Bullseye Laramie building ("Bullseye"). Plaintiff retained her legal interest in Bullseye until Defendant paid the second and third mortgages on the Residence and released her from any liability in connection with the Bullseye business.

- <u>Bullseye.</u> Defendant was ordered to "pay all real and personal property taxes with regard to this property (Bullseye) and his business thereon...along with all mortgage indebtedness in full,"...holding Plaintiff "harmless from the same in all respects." Defendant agreed to refinance Bullseye within 120 days of the entry of the Decree.

- <u>Bullseye line of credit.</u> Defendant was ordered to pay Bullseye's business debts specifically, "including but not limited to, the revolving line of credit for inventory, original loan number 7200007328.

---

[1] For clarity sake, Plaintiff is the "Wife" in the Decree and Agreement. Defendant is identified as "Husband."

- <u>Building Specialties, Inc</u>.  Defendant was awarded "All interest in Building Specialties, Inc."  He agreed to "assume and pay all liabilities and debts connected with said business and to indemnify and hold Wife harmless..."

- <u>Lincoln Street Properties</u> The parties listed this property for sale.  The mortgages owed to First National Bank of Torrington, were to be paid, "from the rental proceeds on this property."  "Any remaining proceeds shall be divided equally between the two parties.  Upon sale of said property, all legitimate costs of closing and the payoffs for any indebtedness attached to said property shall be made, the sum of $20,000 shall be paid to Husband and all remaining net proceeds thereafter shall be divided equally between the two parties hereto."

- <u>Capital One credit card</u>.  The Agreement stated, as relevant to the credit card,

  "Husband agrees to sell the 335 four-wheeler within 60 days of the entry of the Decree herein and apply the proceeds to the Capital One credit card.  Whatever balance as of May 1, 2007, is then left on the Capital One account shall be assumed equally one-half by each of the parties.  Each party also agrees to assume and pay the above-identified debts and to indemnify and hold the other party harmless therefrom."

**Discussion**

Plaintiff filed a complaint to determine the non-dischargeability of debt under 11 U.S.C. § 523(a)(5) and (15).[2]  Defendant asserts that the following debts are not dischargeable:

- Payoff of Second Mortgage on 4850 Mesquite Lane  . . . . . . . . . . . . . $44,024.25

- Interest paid on Second Mortgage on 4850 Mesquite Lane  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $650.00

---

[2] Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

- Payments to Points West on Loan Nos. 1110141 &
  7200007328 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $5,200.00

- Settlement to SAFE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $20,000.00

- Property Taxes Paid by Kerry Bean on 9/4/2007 and 9/4/2009 . . . . . . . . $3,512.08

- One-half of Capital One Credit Card . . . . . . . . . . . . . . . . . . . . . . . . . . $4,185.39

- Personal Guaranty to Points West Community Bank . . . . . . . . . . . . . . unliquidated

- One-half of the parties' daughter's medical bills . . . . . . . . . . . . . . . . . . $1,814.87

- Plaintiff's attorney's fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Undetermined

Defendant argued that the court has to look to the intent of the parties and apply
Wyoming contract law.

Daughter's medical expenses

Defendant concedes, both in his written response and through his counsel's oral
argument that the parties' daughter's medical bills are not dischargeable. Therefore, the
court will enter a judgment for the Plaintiff and against the Debtor holding that the
amount of $1,814.87 is not dischargeable.

**Summary Judgment Analysis**

A party claiming relief may move, with or without supporting affidavits, for
summary judgment on all or part of the claim. The judgment sought should be rendered if
the pleadings, the discovery and disclosure materials on file and any affidavits show that
there is not a genuine issue as to any material fact and that the movant is entitled to
judgment as a matter of law. The Court should determine what facts are not genuinely at

Page 4

issue by examining the pleadings and evidence before it.  The Court should issue an order

specifying what facts, including items of damages or other relief, are not genuinely at

issue.[3]  Summary judgment is appropriate when there is no disputed issue of material fact,

and the moving party is entitled to judgment as a matter of law.[4]  Under Rule 56(c)

summary judgment is proper only if the evidence, reviewed in the light most favorable to

the party opposing the motion, demonstrates no genuine issue of any material fact.[5]  A

material fact is one that could affect the outcome of the suit, and a genuine issue is one

where the evidence is such that a reasonable jury could return a verdict for the nonmoving

party.[6]  The court views the evidence in light most favorable to the nonmoving party, but

that party cannot rest on the mere allegations in its pleadings and must come forward with

evidence to raise a genuine issue.[7]  In cases requiring the interpretation of a contract, a

summary judgment is appropriate only if the contract is clear and unambiguous.[8]

<u>Mesquite Lane Payoff of Second Mortgage and Interest.</u>

   This court reviewed the Decree, Agreement and supporting documents submitted

to the court in a light most favorable to the nonmoving part.  The court finds that the

---

[3] Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.

[4] *Hardy v. S. F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999).

[5] *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 976 (10th Cir. 1995).

[6] *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1134 (10th Cir. 1994).

[7] *Supra.*

[8] *Comet Energy Services, LLC v. Powder River Oil & Gas Ventures LLC*, 2008 WY 69, 185 P.3d 1259 (Wyo. 2008).

evidence is unambiguous as to the Defendant's responsibility for payment of the second

mortgage on the Residence.  Upon reviewing the Plaintiff's admissible evidence, she had

to pay the balance and unpaid interest of the second mortgage in the amounts $44,024.25

and $650.00, respectively.  Defendant, under the Agreement, is to indemnify and hold

the Plaintiff harmless for those debts.

Bullseye expenses

The court finds that upon a review of the Decree and Agreement, Defendant was

responsible to pay Bullseye's mortgage and line of credit loan.  As Defendant failed to

pay those debts in the amount of $5,200.00, Plaintiff, as a party responsible on the debt,

paid the amounts owed.   The Agreement provides that Defendant is to indemnify

Plaintiff and hold her harmless for these debts.

Capital One Credit Card

The court having reviewed the admissible evidence in a light most favorable to the

Defendant finds that credit card statement for the period of April 3, 2007 - May 1, 2007

reflects that the amount owed was $8,370.78.  The court finds that Plaintiff paid the debt.

The Agreement is clear and unambiguous stating Defendant was to pay one-half of the

balance as of May 1, 2007.  Pursuant to the Agreement, Defendant was to indemnify

Plaintiff for one-half of the amount of this debt, or $4,185.39.

Lincoln Street Properties

The court's review of the Agreement regarding Lincoln Street Properties shows

that the parties jointly owned the Lincoln Street property at the time the Agreement was

executed and the Decree approved by the Wyoming District Court.  The Agreement is not clear and is ambiguous regarding the responsibility for payment of taxes or responsibility for settlement of litigation.  Therefore, reviewing the admissible evidence presented by the Plaintiff, in light most favorable to the Defendant, the court finds there are genuine issues as to material facts which require litigation on the allocation of financial responsibility for the settlement regarding SAFE and responsibility to pay the taxes on this property.

Points West Community Bank Personal Guaranty

The court having reviewed the admissible evidence presented by the Plaintiff,  is not able to determine whether this issue has been resolved between the parties.  The court finds that there are material facts requiring litigation as Plaintiff has not provided evidence to support a summary judgment.

Plaintiff's attorney's fees

Plaintiff requests that she be allowed to submit her attorney's fees up to the entry of the Motion for Summary Judgement.  The court finds that there are material facts requiring litigation regarding the matters listed above that may affect any attorney fee request.  The court determines that this matter shall be set for hearing.

In conclusion the court finds that there are no genuine issues of material facts that Defendant was to indemnify and hold Plaintiff harmless for (1) Mesquite Lane payoff of second mortgage and interest payments; (2) Bullseye expenses; and, (3) Capital One Credit Card debt.  The court finds that there are genuine issues of material fact regarding

Defendant's responsibilities to pay or indemnify Plaintiff regarding issues involving the Lincoln Street Properties, (2) Points West Community Bank personal guaranty; and, (3) Plaintiff's attorney's fees.

**Dischargeability**

The court having determined that pursuant to the Agreement and Decree, Defendant was to indemnify and hold Plaintiff harmless for: (1) Mesquite Lane payoff of second mortgage and interest payments; (2) Bullseye expenses; and, (3) Capital One Credit Card debt, must determine if these debts are non-dischargeable in Defendant's bankruptcy case.

The Bankruptcy Code states, as relevant,

> "(a) A Discharge under section 727...of this title does not discharge an individual debtor from any debt -
> (5)    for a domestic support obligation...
> (15)    to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a government unit."

Section 523(a)(5) involves the exception to discharge for a domestic support obligation which is defined in § 101(14A), and includes support debts that are owed to or recoverable by and spouse and established in a separation agreement. Generally, the unusual circumstances exception to § 523(a)(5) is very narrow. This rule is fashioned

around the best interest of the child.[9]  Defendant concedes that the debt for the parties'

daughter's medical expenses is non-dischargeable.

For § 523(a)(15) debts to be excepted, all that is required is that the obligations

be: (1) to a former spouse; (2) that are not (a)(5) support; and, (3) are incurred in

connection with a divorce decree or an order of a court of record.  Where state law or a

fee-shifting agreement so provides, the party in a § 523(a)(5) or (a)(15) action, who

prevails, may be awarded fees and costs.[10]

The Tenth Circuit Bankruptcy Panel stated,

> "Essentially, the combination of amended § 523 (a)(5) and (15)
> exclude from discharge all marital and domestic relations obligations,
> whether support in nature, property division, or hold-harmless, provided
> that they were incurred in the course of a divorce of separation or
> established in connection with a separation agreement, divorce decree or
> other order of a court of record..."[11]

The court finds that the Mesquite Lane payoff of second mortgage and interest

payments; Bullseye expenses; and Capital One Credit Card debt are obligations to

Plaintiff, a former spouse, are not support or alimony claims and were incurred in

connection with the Decree and Agreement entered in the state court.  Therefore, the

court finds the  (1) Mesquite Lane payoff of second mortgage and interest payments in

the amounts of $44,024.25 and 650,00, respectively; (2) Bullseye expenses in the amount

---

[9] *In re Lowther*, 321 F.3d 946 (10th Cir. 2002).

[10] *In re Taylor*, 478 B.R. 419 (10th Cir. BAP, 2012).

[11] *Id* at 428.

of $5,200.00; and, (3) Capital One Credit Card debt in the amount of $4,185.39  are not

dischargeable in Defendant's bankruptcy case.

The court finds that there are genuine issues of material fact regarding the debts

involving the (1) Lincoln Street Properties, (2) Points West Community Bank personal

guaranty; and, (3) Plaintiff's attorney's fees.  These matters shall be heard by the court at

the trial currently scheduled for June 5, 2013.

This opinion constitutes the Court's findings of fact and conclusions of law.  A

separate order shall be entered pursuant to Fed. R.  Bankr. P. 9021.

DATED this 27 day of April, 2013.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Stephen Winship
Janet Tyler